Filed 12/15/21  P. v. Clark CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C091846 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR96565) |
| v. | |
| CHRISTOPHER WILLIAM CLARK, | |
| Defendant and Appellant. | |

Defendant Christopher William Clark pleaded guilty to one count of robbery and admitted several enhancement allegations.  The trial court sentenced defendant to an aggregate term of 20 years in state prison.  On appeal, defendant argues this case must be conditionally reversed and remanded for the trial court to conduct a mental health diversion eligibility hearing under Penal Code section 1001.36 (statutory section citations that follow are to the Penal Code unless otherwise stated), which he contends applies retroactively.  We will conditionally reverse defendant's judgment and remand to the trial court for an eligibility determination under section 1001.36.

Following a release from a mental health facility from a psychological hold, defendant shoplifted at a store and punched a store employee during a confrontation over the stolen goods. Defendant was charged with one count of robbery (§ 211) and alleging three prior serious or violent felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), three prior serious felonies convictions (§ 667, subd. (a)(1)), and one prior prison term (§ 667.5, subd. (b)).

The court ordered the appointment of two psychiatrists under section 1368 to determine defendant's competency to stand trial. Doctors Kent Caruso and Ray Carlson both noted in their reports that defendant reported being diagnosed with bipolar disorder while in prison and that he had been prescribed Risperdal, Seroquel, and Trazodone. Dr. Carlson concluded that defendant had a history strongly suggestive of antisocial personality disorder but that he showed no severe mental illness. Dr. Caruso reported that he did not find any evidence to support a judgement or jury finding of not guilty by reason of insanity. Dr. Caruso did review defendant's records in which he found concerns over or diagnoses such as mood disorder "NOS," anxiety disorder "NOS," and a need to rule out bipolar disorder, depression and substance induced mood disorder. While in prison, defendant was diagnosed with bipolar disorder with depression. In a report dated December 7, 2016, Dr. Carlson noted that, while there was no evidence that defendant suffered from psychosis, he was diagnosed with dysthymic disorder in 2011. Defendant informed Dr. Carlson that he was previously diagnosed with bipolar disorder. Further, according to the report of the probation officer, hours before the crimes at issue, appellant was released from a Welfare and Institutions Code section 5150 hold from the Tehama County Mental Health Crisis Unit.

Defendant subsequently pleaded guilty to the robbery count and admitted one prior strike (§ 1170.12, subds. (a)-(d)) and two prior serious felonies (§ 667, subd. (a)(1));

the remaining allegations were dismissed.  The trial court sentenced defendant to the upper term of five years on count one, doubled pursuant to the Three Strikes law, plus five years for each of the prior serious felony convictions, for a total of 20 years in state prison.

In conjunction with a motion to withdraw his plea, the defense submitted numerous mental health records relating to defendant, including records from the Riverside County Department of Mental Health, Tehama County Health Services Agency Mental Health Division, and the Department of Corrections.  These records revealed that defendant had been diagnosed with mood disorder and anxiety disorder and that defendant reported a prior diagnosis of bipolar disorder.

Defendant appealed, and while his appeal was pending, on June 27, 2018, the Legislature enacted section 1001.36, which created a pretrial diversion program for certain defendants with qualifying mental disorders.  (§ 1001.36, subd. (a); Stats. 2018, ch. 34, § 24.)  The following year, this court filed a decision affirming defendant's conviction but remanding the matter to the trial court to permit the court to decide whether to exercise its discretion under Senate Bill No. 1393 to strike one or both of defendant's prior serious felony enhancements imposed under section 667, subdivision (a).  (*People v. Clark* (Nov. 8, 2019, C085301) [nonpub. opn.].)  On remand, the trial court declined to exercise its discretion to strike one or both of defendant's prior serious felony sentence enhancements.

Defendant filed a notice of appeal.

### DISCUSSION

Defendant argues, and respondent agrees, that he is entitled to remand so the trial court can determine whether he is eligible for pretrial diversion, due to a specified mental disorder under the recently enacted section 1001.36.  Citing our Supreme Court's decision in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), he contends that section

3

1001.36 is retroactive to all cases not yet final. We conclude that under *Frahs*, conditional remand is required.

Section 1001.36, which went into effect before defendant's judgment became final (Stats. 2018, ch. 34, § 24, eff. June 27, 2018), provides pretrial diversion may be granted if the trial court finds all of the following criteria are met: (1) the defendant suffers from a recently diagnosed mental disorder enumerated in the statute; (2) the disorder was a significant factor in the commission of the charged offense, and that offense is not one of the offenses enumerated in subdivision (b); (3) "[i]n the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment"; (4) the defendant consents to diversion and waives his right to a speedy trial; (5) the defendant agrees to comply with treatment as a condition of diversion; and (6) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if treated in the community. (§ 1001.36, subd. (b)(1)-(2).) If the treatment under pretrial diversion is deemed successful, the charges shall be dismissed, and the defendant's criminal record expunged. (§ 1001.36, subds. (b)(1)(A)-(C), (c)(3), (e).)

The statute further provides: "At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion. The hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel. If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate." (§ 1001.36, subd. (b)(3).)

In *Frahs*, our Supreme Court concluded *Estrada*'s inference of retroactivity applies to section 1001.36 such that defendants with qualifying mental disorders whose cases are not yet final are entitled to limited remand for the trial court to determine

4

whether they are eligible for mental health diversion.  (*Frahs, supra*, 9 Cal.5th at pp. 624-625; see *In re Estrada* (1965) 63 Cal.2d 740.)  The "possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' "  (*Frahs*, at p. 629, quoting *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303.)  As the court explained, "the impact of a trial court's decision to grant diversion can spell the difference between, on the one hand, a defendant receiving specialized mental health treatment, possibly avoiding criminal prosecution altogether, and even maintaining a clean record, and on the other, a defendant serving a lengthy prison sentence."  (*Frahs*, at p. 631.)  Thus, "the ameliorative nature of the diversion program places it squarely within the spirit of the *Estrada* rule," and the program retroactively applies to defendants whose cases are not yet final.  (*Ibid.*)

*Frahs* further held that a defendant is entitled to a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing when "the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion - the defendant suffers from a qualifying mental disorder (§ 1001.36, subd. (b)(1)(A))."  (*Frahs, supra*, 9 Cal.5th at p. 640.)  In *Frahs*, the court found a clinical and forensic psychologist's testimony that the defendant suffered from a qualifying mental disorder sufficient to meet the first eligibility requirement.  (*Ibid.*)

Defendant has introduced sufficient evidence demonstrating at least one qualifying mental disorder.  Section 1001.36 defines a qualifying mental disorder as one "identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia."  (§ 1001.36, subd. (b)(1)(A).)  As evidence of a qualifying mental disorder, a defendant must provide a recent diagnosis by a qualified mental health expert.  (*Ibid.*)  Here, at a minimum, defendant provided evidence of a

5

recent diagnosis of Anxiety Disorder and Dysthymia, which are mental disorders "identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders." (§ 1001.36, subd. (b)(1)(A).)

Given the above evidence, defendant meets at least the first threshold requirement for eligibility for mental health diversion. (§ 1001.36, subd. (b)(1)(A); *Frahs, supra*, 9 Cal.5th at p. 640.) A conditional remand for the trial court to conduct a mental health diversion eligibility hearing is appropriate under the circumstances.

## DISPOSITION

We conditionally reverse defendant's judgment and remand to the trial court for an eligibility determination under section 1001.36. If the trial court finds that defendant suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria, then the court may grant diversion. If defendant successfully completes diversion, then the trial court shall dismiss the charges. However, if the trial court determines that defendant does not meet the criteria under section 1001.36, or if defendant does not successfully complete diversion, then his convictions and sentence shall be reinstated.


                                                   _____

                                                   HULL, J.


We concur:


_____

BLEASE, Acting P. J.


_____

RENNER, J.